United States District Court
Southern District of Texas
ENTERED
July 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| QUINGHUA CHEN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-419 |
| | § | |
| ORLANDO PEREZ *et al.* | § | |

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Petitioner Quinghua Chen's ("Petitioner") Petition for Writ of Habeas Corpus, (Dkt. No. 1), and Respondents' Motion for Summary Judgment, (Dkt. No. 7). On May 18, 2026, United States District Judge Marina Garcia Marmolejo referred these matters to the Undersigned for a hearing and Report and Recommendation. (Dkt. No. 10). For the reasons below, the Undersigned **RECOMMENDS** Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), and Respondents' Motion for Summary Judgment, (Dkt. No. 7), be **DENIED as moot.**

## I. BACKGROUND

Petitioner filed her Petition for Writ of Habeas Corpus on March 17, 2026, asking this Court to order her immediate release. (Dkt. No. 1 at 10). Respondents filed a Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment on March 30, 2026. (Dkt. No. 7). To which, Plaintiff filed a timely reply, which she amended. (Dkt. Nos. 8, 9). Pursuant to the District Judge's referral order, (Dkt. No. 10), an evidentiary hearing was held before the Undersigned on June 2, 2026. (Min. Entry June 2, 2026).

Petitioner, a native and citizen of China, entered the United States without inspection on June 27, 1995. (Dkt. Nos. 1 at 4; 7 at 2). On the same date, Petitioner was issued a Form I-221 Order to Show Cause and a Notice of Hearing, placed into deportation proceedings, and released on bond. (Dkt. Nos. 1 at 4; 7 at 2; 7-1 at 1). On August 15, 1996, Petitioner's application for asylum and withholding of removal was denied, but the immigration judge granted voluntary departure until September 15, 1996, with an alternate of order of deportation to China. (Dkt. No. 7-1 at 1). Petitioner appealed the order to the Board of Immigration Appeals ("BIA") and the appeal was dismissed on July 31, 1997. (Dkt. Nos. 7 at 2; 7-1 at 2). After failing to comply with the voluntary departure order, the order converted into a final order of deportation. (*Id.*).

On March 5, 2002, Immigration and Customs Enforcement, Enforcement Removal Operations ("ERO") emailed Petitioner a Warning to Alien Ordered Removed or Deported Form I-294 and requested that Petitioner report on April 29, 2002, with a valid passport to depart to China. (*Id.*). Petitioner failed to appear. (*Id.*).

On September 22, 2011, Petitioner was released from custody on an Order of Supervision ("OSUP") and she continued to report to ERO until March 26, 2014. (Dkt. No. 7-1 at 2). Throughout that period, ERO asked Petitioner to obtain a valid passport. (*Id.*). Petitioner was later detained on April 29, 2014, after continuous noncompliance with her OSUP in obtaining a passport. (Dkt. No. 7 at 2–3; 7-1 at 2). Petitioner was again released from custody on April 30, 2014. (Dkt. Nos. 7 at 3; 7-1

at 2). Petitioner continued to report to ERO until she failed to appear at her scheduled ERO appointment on October 11, 2024. (*Id.*).

On February 13, 2025, Petitioner was apprehended again by ICE/ERO after failing to obtain a passport. (*Id.*). Between March 29, 2025, and June 2, 2025, ERO requested Petitioner's travel documents from the Embassy of China on six different occasions. (Dkt. Nos. 7 at 3; 7-1 at 3). On October 31, 2025, and December 12, 2025, ERO was notified that China was unable to verify Petitioner's identity. (*Id.*). China verified Petitioner's nationality on June 1, 2026. (Dkt. No. 12-1 at 4).

On June 10, 2026, Respondents advised that ICE scheduled Petitioner for removal to China on June 23, 2026. (Dkt. No. 13). In Petitioner's response to the advisory, she argues that until Respondents "establish through competent evidence that removal is significantly likely in the reasonably foreseeable future, Petitioner's challenge to her continued detention remains live and should be adjudicated on the full evidentiary record." (Dkt. No. 14 at 4). On June 26, 2026, Respondents advised that Petitioner was in fact removed from the United States on June 23, 2026, and provided documentation in support of that assertion. (Dkt. Nos. 18; 18-1).

## II. LEGAL STANDARDS

The primary federal habeas corpus statute confers jurisdiction upon federal courts to hear claims that a person is being held in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241. Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To defeat summary judgment, "the nonmovant must set forth specific facts showing the existence of a genuine issue for trial." *Smith v. Olsen*, 562 F. App'x. 233, 234 (5th Cir. 2014). In reviewing the evidence, a court is "obliged to construe all the evidence and reasonable inferences deduced therefrom in a light most favorable to . . . the nonmoving party." *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1260 (5th Cir. 1991). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).

In *Zadvydas v. Davis,* 533 U.S. 678, 689 (2001), the Supreme Court held 8 U.S.C. § 1231(a)(6) "limits an alien's post-removal period detention to a period reasonably necessary to bring about the alien's removal from the United States." Detention during a six-month removal period is presumptively reasonable, and an alien may be held in confinement beyond the six-month period "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

If an alien meets their burden of demonstrating that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, then the Government must respond with evidence sufficient to rebut that showing." *Id.* The parameters of a "reasonably foreseeable future" shrink as the period of post-removal confinement grows. *Id.*

When removal is no longer reasonably foreseeable, post-removal detention is

no longer reasonable, unless a special circumstance exists involving highly contagious diseases, terrorism, violent mental disorders, or other special dangers to the public. *Id.* at 699; 8 C.F.R. § 241.14. If removal is reasonably foreseeable, the court should consider "the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period." *Id.* at 700.

## III. ANALYSIS AND RECOMMENDATION

Petitioner filed her Petition for Writ of Habeas Corpus asking this Court to order her immediate release. Given that Respondents have presented evidence that Petitioner has already been removed to China and is no longer in custody within the United States, the Undersigned **RECOMMENDS** to the District Judge that Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), and Respondents' Motion for Summary Judgment, (Dkt. No. 7), be **DENIED as moot.**

## NOTICE TO PARTIES

The Clerk shall file this Report and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except

upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**SIGNED** on the 6th day of July, 2026.

Christopher dos Santos
United States Magistrate Judge